# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL C. JOSEPH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:05-cv-2320-FRB |
| | ) | |
| JIMMIE EDWARDS and | ) | |
| T. MITCHELL, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Michael C. Joseph (registration no. OR141991), an inmate at the St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. 1]. Upon review of applicant's financial information, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee. *See* 28 U.S.C. § 1915. Therefore, applicant will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## The petition

Petitioner states that, on September 12, 2005, he was sentenced to two ten-year terms of imprisonment and a five-year term of imprisonment for robbery, armed criminal action and stealing a motor vehicle. Petitioner claims that his convictions are invalid because he was dealing with an unsympathetic prosecutor and judge, and he was deprived of a law library. Additionally, petitioner raises grounds of "alternative sentencing," violation of constitutional rights and due process, and "abuse of process undue anxiety."

**Discussion**

Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed. Title 28 U.S.C. § 2254 requires that petitioner exhaust his available state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). Petitioner has not exhausted his state court remedies.[1]

"To exhaust an available state post-conviction remedy, the petitioner must 'use the State's established appellate review procedures.'" *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 1733 (1999). On December 13, 2005, petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals, which the court denied. *See www.courts.mo.gov/casenet (Joseph v. Edwards*, No. ED87341). There is no indication that petitioner filed a motion for rehearing or transfer to the Missouri Supreme Court or petition for certiorari from the denial of his direct appeal to the United States Supreme Court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973) (In the absence of special circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction.).

Petitioner does not contend that there is an absence of available state remedies. Nor does petitioner assert that circumstances exist that render such state remedies ineffective to protect

---

[1] The Court notes that petitioner filed a previous application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Joseph v. Edwards*, No. 4:05-cv-1956-FRB (E.D. Mo.). On November 15, 2005, said application was dismissed, without prejudice, for failure to exhaust available state court remedies. *See id.*

his rights. Therefore, the instant petition should be dismissed, without prejudice, because petitioner has failed to exhaust his available state remedies.

In accordance with the foregoing,

**IT IS HEREBY** that plaintiff's motion to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition because petitioner has not exhausted his available state remedies.

An appropriate order shall accompany this order and memorandum.

Dated this 18th day of January, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**